UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TY EVANS, <br><br> Plaintiff, <br><br> v. <br><br> DAWN BUSS, <br><br> Defendant. | CAUSE NO.: 3:19-CV-568-RLM-MGG |

OPINION AND ORDER

Ty Evans, a prisoner without a lawyer who regularly writes and publishes information about prison life, filed a complaint alleging that Deputy Warden Dawn Buss retaliated against him for engaging in protected speech by writing and publishing an article about Indiana State Prison's suicide watch program, in violation of the First Amendment. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In August 2018, Deputy Warden Dawn Buss hired Mr. Evans to work as a suicide companion. He was required to sign an agreement that he would uphold the confidentiality of the inmates on suicide watch "by not discussing anything pertaining to the resident with any other residents." (ECF 2 at 1-2.) Two inmates

on suicide watch believed that they were being subjected to inhuman conditions, and they explicitly authorized Mr. Evans to publish their names and personal information in an article that he intended to publish. Mr. Evans indicates that he never discussed anything about these residents with another inmate. He sent his proposed article to two organizations for consideration on November 30, 2018. One of those organizations then contacted Indiana State Prison for a statement. When Ms. Buss learned that Mr. Evans had written about the two inmates in the suicide watch program, she terminated him from his position as a suicide companion for violating the confidentiality agreement. Mr. Evans was also placed in solitary confinement for 90 days because he didn't have a job assignment and was unable to seek another job for 90 days. Mr. Evans's story was published in Solitary Watch in May 2019. In July 2019, Mr. Evans was approved for a job as a GED tutor, but Ms. Buss wouldn't let him work as a GED tutor because she deemed there to be "confidential information in Education as well." (ECF 2 at 2, 6-7.) According to Mr. Evans, tutors don't sign a confidentiality or non-disclosure agreement, and they aren't privy to any privileged information. Mr. Evans intended to submit other stories about the misdeed of ISP staff for publication, including a story about a cover-up of an inmate's death at the hands of an ISP employee, but he decided not to submit additional articles for publication due to Ms. Buss's retaliation.

To state a claim of First Amendment retaliation, the plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and

2

(3) the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (citing Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008)). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994) (internal quotation marks omitted)). "Inmates retain a First Amendment right to complain about prison staff, whether orally or in writing, but only in ways consistent with their status as prisoners." Caffey v. Maue, 679 Fed. Appx. 487, 490 (7th Cir. 2017) (citing Turner v. Safley, 482 U.S. 78, 89–90 (1987); Watkins v. Kasper, 599 F.3d 791, 796–797 (7th Cir. 2010)). The complaint plausibly states a retaliation claim against Ms. Buss, and Mr. Evans may proceed against her on this claim.

For these reasons, the court:

(1) GRANTS Ty Evans leave to proceed against Deputy Warden Dawn Buss in her individual capacity for nominal, compensatory, and punitive damages for retaliating against him in violation of the First Amendment by terminating his employment as a suicide companion, placing him in solitary confinement, and refusing to permit him to obtain work as a GED tutor, in response to his communicating with outside media organizations and publishing an article about the prison's suicide watch program;

(2) GRANTS Mr. Evans leave to proceed against Deputy Warden Dawn Buss in her official capacity for injunctive relief to cease retaliating against him

3

for exercising his First Amendment right to publish articles and/or books about prison life;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process, along with a copy of the complaint (ECF 2) and this order, on Deputy Warden Dawn Buss at the Indiana Department of Correction; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Deputy Warden Dawn Buss respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 16, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT